FILED
4/3/2016 5:09:45 PM
Kelly Ashmore
District Clerk
Grayson County



NO. _____

CV-16-0623

| | | |
|---|---|---|
| **BRADLEY WINGFIELD MILLER** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **HOME DEPOT U.S.A., INC., THE** | § | |
| **HOME DEPOT, THE HOME DEPOT,** | § | |
| **INC. AND HD DEVELOPMENT** | § | |
| **PROPERTIES, L.P.** | § | |
| **Defendants.** | § | **OF GRAYSON COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Bradley Wingfield Miller, hereinafter called Plaintiff, complaining of and about Home Depot U.S.A., Inc., The Home Depot, The Home Depot, Inc. and HD Development Properties, L.P., hereinafter called Defendants, and for cause of action would show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.     Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.     Plaintiff, Bradley Wingfield Miller, is an Individual whose address is 354 Morrison Rd., Howe, Texas 75459.

3.     The last three numbers of Bradley Wingfield Miller's driver's license number are 466. The last three numbers of Bradley Wingfield Miller's social security number are 613.

4.     Defendant Home Depot U.S.A., Inc., a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, Corporation Service Company d/b/a CSC-Lawyers

PLAINTIFF'S ORIGINAL PETITION                              Page 1 of 23

Incorporating Service, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, its registered office. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

5.     Defendant The Home Depot, a business name for The Home Depot, Inc., has failed to appoint or does not maintain a registered agent in Texas. Service may be effected upon Defendant The Home Depot by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

6.     Defendant The Home Depot, Inc., a Nonresident Corporation, has failed to appoint or does not maintain a registered agent in Texas. Pursuant to section 5.251(1)(A) of the Texas Business Organizations Code, service may be effected upon Defendant The Home Depot, Inc. by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079. Service of said Defendant as described above can be effected by personal delivery.

7.     Defendant HD Development Properties, L.P., a Nonresident Limited Partnership, may be served with process by serving a general partner of said limited partnership, Home Depot U.S.A., Inc., at Corporation Service Company d/b/a CSC-Lawyers Incorporating Service located at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

**JURISDICTION AND VENUE**

8.     The subject matter in controversy is within the jurisdictional limits of this court.

9.     Plaintiff seeks:

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>                                     Page 2 of 23

      a.    monetary relief over $1,000,000.

10.    This court has jurisdiction over Defendant Home Depot U.S.A., Inc., because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Home Depot U.S.A., Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

11.    Plaintiff would show that Defendant Home Depot U.S.A., Inc. had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

12.    Furthermore, Plaintiff would show that Defendant Home Depot U.S.A., Inc. engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas and recruits or has recruited Texas residents for employment inside or outside this state.

13.    Defendant Home Depot U.S.A., Inc. operated the retail store in question at the time of the incident made the basis of this suit, and at all times pertinent operated retail outlets within the state of Texas.

14.    This court has jurisdiction over Defendant The Home Depot, because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over The Home Depot will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due

**PLAINTIFF'S ORIGINAL PETITION**                          Page 3 of 23

process.

15.    Plaintiff would show that Defendant The Home Depot had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

16.    Furthermore, Plaintiff would show that Defendant The Home Depot engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas and recruits or has recruited Texas residents for employment inside or outside this state.

17.    Defendant The Home Depot operated the retail store in question at the time of the incident made the basis of this suit, and at all times pertinent operated retail outlets within the state of Texas.

18.    This court has jurisdiction over Defendant The Home Depot, Inc., because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over The Home Depot, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

19.    Plaintiff would show that Defendant The Home Depot, Inc. had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

20.    Furthermore, Plaintiff would show that Defendant The Home Depot, Inc. engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the

**PLAINTIFF'S ORIGINAL PETITION**                    Page 4 of 23

Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas and recruits or has recruited Texas residents for employment inside or outside this state.

21.     Defendant The Home Depot, Inc. operated the retail store in question at the time of the incident made the basis of this suit, and at all times pertinent operated retail outlets within the state of Texas.

22.     This court has jurisdiction over Defendant HD Development Properties, L.P., because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over HD Development Properties, L.P. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

23.     Plaintiff would show that Defendant HD Development Properties, L.P. had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant,

24.     Furthermore, Plaintiff would show that Defendant HD Development Properties, L.P. engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas and recruits or has recruited Texas residents for employment inside or outside this state.

25.     Defendant HD Development Properties, L.P. owned the premises where the retail store in question was operating at the time of the incident made the basis of this suit, and at all times pertinent owned other premises wherein retail outlets were and are operating within the

state of Texas.

26.     Venue in Grayson County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

27.     · At all times material hereto, Defendant Home Depot U.S.A., Inc. was an owner and/or a possessor in control of the premises located at 601 Northcreek Drive, Sherman, Grayson County, Texas 75092.

28.     At all times material hereto, Defendant The Home Depot was an owner and/or a possessor in control of the premises located at 601 Northcreek Drive, Sherman, Grayson County, Texas 75092.

29.     At all times material hereto, Defendant The Home Depot, Inc. was an owner and/or a possessor in control of the premises located at 601 Northcreek Drive, Sherman, Grayson County, Texas 75092.

30.     At all times material hereto, Defendant HD Development Properties, L.P. was an owner and/or a possessor of the premises located at 601 Northcreek Drive, Sherman, Grayson County, Texas 75092.

31.     On or about April 5, 2014, Bradley Wingfield Miller was an invitee on property controlled by the Defendants, and was injured under the following circumstances: Plaintiff was shopping at the subject Home Depot store owned and operated by Defendants during its regular hours when Plaintiff slipped and fell on the floor that was slippery with sand and/or other slippery substances, and the subject slip and fall occurred in the aisle where bags containing sand

**PLAINTIFF'S ORIGINAL PETITION**                              Page 6 of 23

were shelved in the subject store. Furthermore, it was a common occurrence that the Defendants' employees polished the concrete floors of the store. The sand in question was packaged and stacked in such a way that spills and leakage were common, and the bags were stacked in significant numbers on the shelves, increasing the amount of sand spilling from the bags on to the concrete floor, causing an unsafe condition. The amount of sand on the floor was such that Bradley Wingfield Miller had sand on his clothing when he was taken to the emergency room following the slip and fall incident in question.

**LIABILITY OF DEFENDANT HOME DEPOT U.S.A., INC.**

32.     On or about April 5, 2014 and at all times mentioned herein, Defendant Home Depot U.S.A., Inc. was the possessor of the property in question and either owned, occupied or maintained the premises located at 601 Northcreek Drive, Sherman, Grayson County, Texas 75092 as a retail store selling home improvement products and supplies.

33.     At all times mentioned herein, Defendant Home Depot U.S.A., Inc. had such control over the premises in question that Defendant Home Depot U.S.A., Inc. owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

34.     On or about April 5, 2014, Bradley Wingfield Miller was an Invitee on the premises owned by the Defendant when Bradley Wingfield Miller was injured as a result of the acts and omissions of the Defendant.

**LIABILITY OF DEFENDANT HOME DEPOT U.S.A., INC.**<br>**FOR NEGLIGENT CONDUCT OF ACTIVITY ON THE PREMISES**

35.     On the date that Bradley Wingfield Miller was injured, Defendant was conducting or permitting the shelving of bags containing sand in the subject store in the aisle where Plaintiff slipped and fell, and the sand in question was packaged and stacked in such a way that spills and

leakage were common, and the bags were stacked in significant numbers on the shelves, increasing the amount of sand spilling from the bags on to the concrete floor, causing an unsafe condition to occur on Defendant's premises. Furthermore, it was a common occurrence that the Defendants' employees polished the concrete floors of the store.

36.    Defendant failed to conduct such activity in a safe and reasonable manner, a manner which created or perpetuated a danger to Bradley Wingfield Miller and others, in that Defendant failed to shelve and/or stack the bags of sand in such a way to prevent spills and leakage of the sand, and Defendant failed to safely limit the number of bags of sand that were shelved and/or stacked on the shelves. Furthermore, Defendant failed to timely inspect the store's floor for sand spills when Defendant knew that it was a common occurrence that the Defendants' employees polished the concrete floors of the store.

37.    Bradley Wingfield Miller was injured by or as a result of the negligent conduct of that activity when the sand spilled from the improperly shelved and/or stacked bags onto the concrete floor of the store causing the floor to become slippery with the sand and other slippery substances on the floor that came from polishing the said floors.

38.    The negligent, careless or reckless acts and omissions of Defendant Home Depot U.S.A., Inc. consisted of one or more of the following:

A.    Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

B.    Failing to maintain the floor in a reasonably safe condition;

C.    Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area;

D.    Failing to give warnings to Plaintiff of the unsafe condition;

**PLAINTIFF'S ORIGINAL PETITION**                                              **Page 8 of 23**

    E.    Failing to remove the sand and other slippery substances causing the slip and fall; and

    F.    Failing to discover and remove the sand and other slippery substances within a reasonable time.

## LIABILITY OF DEFENDANT HOME DEPOT U.S.A., INC. FOR PREMISES DEFECT

39.    That on the date Bradley Wingfield Miller was injured, a dangerous condition existed on the Defendant's premises which was the proximate cause of the injuries, specifically the concrete floor of the said Home Depot store was unsafe and dangerous because of the sand and other slippery substances on the floor.

40.    That the Defendant had actual or constructive knowledge of the condition just described on Defendants' premises as demonstrated by the common occurrence of sand spills and leakage on the concrete floor of the store as well as the common occurrence of the employees of Defendants polishing the concrete floors of the store.

41.    That the condition just described posed an unreasonable risk of harm to Bradley Wingfield Miller and others in that there was such a probability of a harmful event occurring that a reasonably prudent person would have foreseen that the event that did occur or some similar event was likely to happen.

42.    That the Defendant did not exercise reasonable care to reduce or eliminate the risk.

43.    The negligent, careless or reckless acts and omissions of Defendant Home Depot U.S.A., Inc. consisted of one or more of the following:

    A.    Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

B. Failing to maintain the floor in a reasonably safe condition;

C. Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area;

D. Failing to give warnings to Plaintiff of the unsafe condition;

E. Failing to remove the sand and other slippery substances causing the slip and fall; and

F. Failing to discover and remove the sand and other slippery substances within a reasonable time.

## LIABILITY OF DEFENDANT HOME DEPOT U.S.A., INC.
## UNDER GENERAL NEGLIGENCE THEORY

44. Defendant owed Bradley Wingfield Miller and others similarly situated the duty to provide safe surroundings to those persons invited to the premises to conduct business and the duty to refrain from conducting inherently hazardous activities on the business premises while customers were present on the premises in a position where they might be harmed.

45. Defendant breached said duty by improperly shelving and/or stacking bags of sand in such a way that spills and leakage were common, and stacking significant numbers of bags of sand on the shelves, thereby increasing the amount of sand spilling from the bags on to the concrete floor of the store causing the floor to become slippery with the sand and other slippery substances on the floor that came from polishing the said floors.

## LIABILITY OF DEFENDANT THE HOME DEPOT

46. On or about April 5, 2014 and at all times mentioned herein, Defendant The Home Depot was the possessor of the property in question and either owned, occupied or maintained the premises located at 601 Northcreek Drive, Sherman, Grayson County, Texas 75092 as a retail store selling home improvement products and supplies.

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>                                    Page 10 of 23

47. At all times mentioned herein, Defendant The Home Depot had such control over the premises in question that Defendant The Home Depot owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

48. On or about April 5, 2014, Bradley Wingfield Miller was an Invitee on the premises owned by the Defendant when Bradley Wingfield Miller was injured as a result of the acts and omissions of the Defendant.

**LIABILITY OF DEFENDANT THE HOME DEPOT
FOR NEGLIGENT CONDUCT OF ACTIVITY ON THE PREMISES**

49. On the date that Bradley Wingfield Miller was injured, Defendant was conducting or permitting the shelving of bags containing sand in the subject store in the aisle where Plaintiff slipped and fell, and the sand in question was packaged and stacked in such a way that spills and leakage were common, and the bags were stacked in significant numbers on the shelves, increasing the amount of sand spilling from the bags on to the concrete floor, causing an unsafe condition to occur on Defendant's premises. Furthermore, it was a common occurrence that the Defendants' employees polished the concrete floors of the store.

50. Defendant failed to conduct such activity in a safe and reasonable manner, a manner which created or perpetuated a danger to Bradley Wingfield Miller and others, in that Defendant failed to shelve and/or stack the bags of sand in such a way to prevent spills and leakage of the sand, and Defendant failed to safely limit the number of bags of sand that were shelved and/or stacked on the shelves. Furthermore, Defendant failed to timely inspect the store's floor for sand spills when Defendant knew that it was a common occurrence that the Defendants' employees polished the concrete floors of the store.

51. Bradley Wingfield Miller was injured by or as a result of the negligent conduct of

that activity when the sand spilled from the improperly shelved and/or stacked bags onto the concrete floor of the store causing the floor to become slippery with the sand and other slippery substances on the floor that came from polishing the said floors.

52.    The negligent, careless or reckless acts and omissions of Defendant The Home Depot consisted of one or more of the following:

A.    Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

B.    Failing to maintain the floor in a reasonably safe condition;

C.    Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area;

D.    Failing to give warnings to Plaintiff of the unsafe condition;

E.    Failing to remove the sand and other slippery substances causing the slip and fall; and

F.    Failing to discover and remove the sand and other slippery substances within a reasonable time.

## LIABILITY OF DEFENDANT THE HOME DEPOT
## FOR PREMISES DEFECT

53.    That on the date Bradley Wingfield Miller was injured, a dangerous condition existed on the Defendant's premises which was the proximate cause of the injuries, specifically the concrete floor of the said Home Depot store was unsafe and dangerous because of the sand and other slippery substances on the floor.

54.    That the Defendant had actual or constructive knowledge of the condition just described on Defendants' premises as demonstrated by the common occurrence of sand spills and leakage on the concrete floor of the store as well as the common occurrence of the employees of

**PLAINTIFF'S ORIGINAL PETITION**                          Page 12 of 23

Defendants polishing the concrete floors of the store.

55. That the condition just described posed an unreasonable risk of harm to Bradley Wingfield Miller and others in that there was such a probability of a harmful event occurring that a reasonably prudent person would have foreseen that the event that did occur or some similar event was likely to happen.

56. That the Defendant did not exercise reasonable care to reduce or eliminate the risk.

57. The negligent, careless or reckless acts and omissions of Defendant The Home Depot consisted of one or more of the following:

A. Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

B. Failing to maintain the floor in a reasonably safe condition;

C. Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area;

D. Failing to give warnings to Plaintiff of the unsafe condition;

E. Failing to remove the sand and other slippery substances causing the slip and fall; and

F. Failing to discover and remove the sand and other slippery substances within a reasonable time.

## LIABILITY OF DEFENDANT THE HOME DEPOT
## UNDER GENERAL NEGLIGENCE THEORY

58. Defendant owed Bradley Wingfield Miller and others similarly situated the duty to provide safe surroundings to those persons invited to the premises to conduct business and the duty to refrain from conducting inherently hazardous activities on the business premises while customers were present on the premises in a position where they might be harmed.

**PLAINTIFF'S ORIGINAL PETITION**                    Page 13 of 23

59.     Defendant breached said duty by improperly shelving and/or stacking bags of sand in such a way that spills and leakage were common, and stacking significant numbers of bags of sand on the shelves, thereby increasing the amount of sand spilling from the bags on to the concrete floor of the store causing the floor to become slippery with the sand and other slippery substances on the floor that came from polishing the said floors.

### LIABILITY OF DEFENDANT THE HOME DEPOT, INC.

60.     On or about April 5, 2014 and at all times mentioned herein, Defendant The Home Depot, Inc. was the possessor of the property in question and either owned, occupied or maintained the premises located at 601 Northcreek Drive, Sherman, Grayson County, Texas 75092 as a retail store selling home improvement products and supplies.

61.     At all times mentioned herein, Defendant The Home Depot, Inc. had such control over the premises in question that Defendant The Home Depot, Inc. owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

62.     On or about April 5, 2014, Bradley Wingfield Miller was an Invitee on the premises owned by the Defendant when Bradley Wingfield Miller was injured as a result of the acts and omissions of the Defendant.

### LIABILITY OF DEFENDANT THE HOME DEPOT, INC. FOR NEGLIGENT CONDUCT OF ACTIVITY ON THE PREMISES

63.     On the date that Bradley Wingfield Miller was injured, Defendant was conducting or permitting the shelving of bags containing sand in the subject store in the aisle where Plaintiff slipped and fell, and the sand in question was packaged and stacked in such a way that spills and leakage were common, and the bags were stacked in significant numbers on the shelves, increasing the amount of sand spilling from the bags on to the concrete floor, causing an unsafe

**PLAINTIFF'S ORIGINAL PETITION**                                    Page 14 of 23

condition to occur on Defendant's premises. Furthermore, it was a common occurrence that the Defendants' employees polished the concrete floors of the store.

64.    Defendant failed to conduct such activity in a safe and reasonable manner, a manner which created or perpetuated a danger to Bradley Wingfield Miller and others, in that Defendant failed to shelve and/or stack the bags of sand in such a way to prevent spills and leakage of the sand, and Defendant failed to safely limit the number of bags of sand that were shelved and/or stacked on the shelves. Furthermore, Defendant failed to timely inspect the store's floor for sand spills when Defendant knew that it was a common occurrence that the Defendants' employees polished the concrete floors of the store.

65.    Bradley Wingfield Miller was injured by or as a result of the negligent conduct of that activity when the sand spilled from the improperly shelved and/or stacked bags onto the concrete floor of the store causing the floor to become slippery with the sand and other slippery substances on the floor that came from polishing the said floors.

66.    The negligent, careless or reckless acts and omissions of Defendant The Home Depot, Inc. consisted of one or more of the following:

    A.    Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

    B.    Failing to maintain the floor in a reasonably safe condition;

    C.    Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area;

    D.    Failing to give warnings to Plaintiff of the unsafe condition;

    E.    Failing to remove the sand and other slippery substances causing the slip and fall; and

    F.    Failing to discover and remove the sand and other slippery substances within a reasonable time.

**PLAINTIFF'S ORIGINAL PETITION**                                    Page 15 of 23

## LIABILITY OF DEFENDANT THE HOME DEPOT, INC.
## FOR PREMISES DEFECT

67.     That on the date Bradley Wingfield Miller was injured, a dangerous condition existed on the Defendant's premises which was the proximate cause of the injuries, specifically the concrete floor of the said Home Depot store was unsafe and dangerous because of the sand and other slippery substances on the floor.

68.     That the Defendant had actual or constructive knowledge of the condition just described on Defendants' premises as demonstrated by the common occurrence of sand spills and leakage on the concrete floor of the store as well as the common occurrence of the employees of Defendants polishing the concrete floors of the store.

69.     That the condition just described posed an unreasonable risk of harm to Bradley Wingfield Miller and others in that there was such a probability of a harmful event occurring that a reasonably prudent person would have foreseen that the event that did occur or some similar event was likely to happen.

70.     That the Defendant did not exercise reasonable care to reduce or eliminate the risk.

71.     The negligent, careless or reckless acts and omissions of Defendant The Home Depot, Inc. consisted of one or more of the following:

        A.     Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

        B.     Failing to maintain the floor in a reasonably safe condition;

        C.     Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area;

**PLAINTIFF'S ORIGINAL PETITION**                                    Page 16 of 23

D. Failing to give warnings to Plaintiff of the unsafe condition;

E. Failing to remove the sand and other slippery substances causing the slip and fall; and

F. Failing to discover and remove the sand and other slippery substances within a reasonable time.

## LIABILITY OF DEFENDANT THE HOME DEPOT, INC. UNDER GENERAL NEGLIGENCE THEORY

72. Defendant owed Bradley Wingfield Miller and others similarly situated the duty to provide safe surroundings to those persons invited to the premises to conduct business and the duty to refrain from conducting inherently hazardous activities on the business premises while customers were present on the premises in a position where they might be harmed.

73. Defendant breached said duty by improperly shelving and/or stacking bags of sand in such a way that spills and leakage were common, and stacking significant numbers of bags of sand on the shelves, thereby increasing the amount of sand spilling from the bags on to the concrete floor of the store causing the floor to become slippery with the sand and other slippery substances on the floor that came from polishing the said floors.

## LIABILITY OF DEFENDANT HD DEVELOPMENT PROPERTIES, L.P.

74. At all times mentioned herein, Defendant HD Development Properties, L.P. was an owner and/or possessor of the property in question and either owned, occupied or maintained the premises located at 601 Northcreek Drive, Sherman, Grayson County, Texas 75092 as a retail store selling home improvement products and supplies.

75. At all times mentioned herein, Defendant HD Development Properties, L.P. had such control over the premises in question that Defendant HD Development Properties, L.P.

**PLAINTIFF'S ORIGINAL PETITION**                                        Page 17 of 23

owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

76.    On or about April 5, 2014, Bradley Wingfield Miller was an Invitee on the premises owned by the Defendant when Bradley Wingfield Miller was injured as a result of the acts and omissions of the Defendant.

## LIABILITY OF DEFENDANT HD DEVELOPMENT PROPERTIES, L.P. FOR NEGLIGENT CONDUCT OF ACTIVITY ON THE PREMISES

77.    On the date that Bradley Wingfield Miller was injured, Defendant was conducting or permitting the shelving of bags containing sand in the subject store in the aisle where Plaintiff slipped and fell, and the sand in question was packaged and stacked in such a way that spills and leakage were common, and the bags were stacked in significant numbers on the shelves, increasing the amount of sand spilling from the bags on to the concrete floor, causing an unsafe condition to occur on Defendant's premises. Furthermore, it was a common occurrence that the Defendants' employees polished the concrete floors of the store.

78.    Defendant failed to conduct such activity in a safe and reasonable manner, a manner which created or perpetuated a danger to Bradley Wingfield Miller and others, in that Defendant failed to shelve and/or stack the bags of sand in such a way to prevent spills and leakage of the sand, and Defendant failed to safely limit the number of bags of sand that were shelved and/or stacked on the shelves. Furthermore, Defendant failed to timely inspect the store's floor for sand spills when Defendant knew that it was a common occurrence that the Defendants' employees polished the concrete floors of the store.

79.    Bradley Wingfield Miller was injured by or as a result of the negligent conduct of that activity when the sand spilled from the improperly shelved and/or stacked bags onto the

**PLAINTIFF'S ORIGINAL PETITION**                              Page 18 of 23

concrete floor of the store causing the floor to become slippery with the sand and other slippery substances on the floor that came from polishing the said floors.

80.    The negligent, careless or reckless acts and omissions of Defendant HD Development Properties, L.P. consisted of one or more of the following:

A.    Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

B.    Failing to maintain the floor in a reasonably safe condition;

C.    Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area;

D.    Failing to give warnings to Plaintiff of the unsafe condition;

E.    Failing to remove the sand and other slippery substances causing the slip and fall; and

F.    Failing to discover and remove the sand and other slippery substances within a reasonable time.

### LIABILITY OF DEFENDANT HD DEVELOPMENT PROPERTIES, L.P. FOR PREMISES DEFECT

81.    That on the date Bradley Wingfield Miller was injured, a dangerous condition existed on the Defendant's premises which was the proximate cause of the injuries, specifically the concrete floor of the said Home Depot store was unsafe and dangerous because of the sand and other slippery substances on the floor.

82.    That the Defendant had actual or constructive knowledge of the condition just described on Defendants' premises as demonstrated by the common occurrence of sand spills and leakage on the concrete floor of the store as well as the common occurrence of the employees of Defendants polishing the concrete floors of the store.

**PLAINTIFF'S ORIGINAL PETITION**                                        Page 19 of 23

83.     That the condition just described posed an unreasonable risk of harm to Bradley Wingfield Miller and others in that there was such a probability of a harmful event occurring that a reasonably prudent person would have foreseen that the event that did occur or some similar event was likely to happen.

84.     That the Defendant did not exercise reasonable care to reduce or eliminate the risk.

85.     The negligent, careless or reckless acts and omissions of Defendant HD Development Properties, L.P. consisted of one or more of the following:

A.     Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

B.     Failing to maintain the floor in a reasonably safe condition;

C.     Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area;

D.     Failing to give warnings to Plaintiff of the unsafe condition;

E.     Failing to remove the sand and other slippery substances causing the slip and fall; and

F.     Failing to discover and remove the sand and other slippery substances within a reasonable time.

## LIABILITY OF DEFENDANT HD DEVELOPMENT PROPERTIES, L.P. UNDER GENERAL NEGLIGENCE THEORY

86.     Defendant owed Bradley Wingfield Miller and others similarly situated the duty to provide safe surroundings to those persons invited to the premises to conduct business and the duty to refrain from conducting inherently hazardous activities on the business premises while customers were present on the premises in a position where they might be harmed.

**PLAINTIFF'S ORIGINAL PETITION**                                        Page 20 of 23

87.     Defendant breached said duty by improperly shelving and/or stacking bags of sand in such a way that spills and leakage were common, and stacking significant numbers of bags of sand on the shelves, thereby increasing the amount of sand spilling from the bags on to the concrete floor of the store causing the floor to become slippery with the sand and other slippery substances on the floor that came from polishing the said floors.

### PROXIMATE CAUSE

88.     Each and every, all and singular of the foregoing acts and omissions, on the part of Defendants, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

### DAMAGES FOR PLAINTIFF, BRADLEY WINGFIELD MILLER

89.     As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Plaintiff, Bradley Wingfield Miller was caused to suffer grievous injuries, including a fracture of the fibula and the displacement of the talus bone as well as enduring surgical operations, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

90.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Bradley Wingfield Miller has incurred the following damages:

      A.     Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Bradley Wingfield Miller for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Grayson County, Texas and Tarrant County, Texas;

      B.     Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

      C.     Physical pain and suffering in the past;

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>                              **Page 21 of 23**

D.   Mental anguish in the past;

E.   Physical pain and suffering in the future;

F.   Mental anguish in the future;

G.   Physical impairment in the past;

H.   Physical impairment which, in all reasonable probability, will be suffered in the future;

I.   Loss of earnings in the past;

J.   Loss of earning capacity which will, in all probability, be incurred in the future;

K.   Disfigurement in the past;

L.   Disfigurement in the future; and

M.   Cost of medical monitoring and prevention in the future.

91.   By reason of the above, Plaintiff, Bradley Wingfield Miller has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Bradley Wingfield Miller, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

<u>**PLAINTIFF'S ORIGINAL PETITION**</u>                    Page 22 of 23

Respectfully submitted,

By: _____
Brooks P. Lynn
Texas Bar No. 12736350
Email: Lbplynn@aol.com
Brooks P. Lynn
Attorney At Law
710 Centerpark, Suite 140
Colleyville, Texas 76034
Tel. (817) 656-7050
Fax. (817) 656-8044
Attorney for Plaintiff
Bradley Wingfield Miller

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**